FRANKLIN G. DEXTER *vs.* EMILY W. APPLETON & others.

Suffolk. March 20. — June 26, 1884. DEVENS & COLBURN, JJ., absent.

A testator by his will provided as follows: " All the residue of my estate, real and personal, whether acquired before or after the execution of this my will, and including herein any property which I have a right to dispose of by my will or appointment by virtue of the provisions of the trust indenture, made by my late father with myself and others, . . . . I give and devise to " certain persons named, " to hold the same in strict trust, to collect the rents and incomes of said trust property, and, after deducting all necessary expenses and charges, to set aside one sixth part of the annual income to be added to the original trust fund. Then to pay over the remaining net income to my wife, in quarterly payments during her natural life or until her marriage, unless said net yearly income exceed the sum of $20,000 ; and if said yearly income exceed the sum of $20,000, I desire my trustees of said fund, from the time of my decease until " a day named, " to place the amount over and above said $20,000 in good and safe investments, to become a part of the original trust fund. After the above-named date, I desire the yearly income from the above-named fund, over and above the said $20,000 which my wife will receive yearly, be divided equally between my daughter E. and my son W." By the provisions of the indenture mentioned in the will, one fourth of the whole trust fund became payable, after the death of the testator, on the day before that named in the will, to such person or persons, and upon such terms and conditions, as the testator, who died before that day, might by his will appoint. If the testator had survived that day, the annual income of said fourth would have been payable to him. Such income, at the date of the will, exceeded, and, after deducting all necessary expenses and charges, and setting aside one sixth thereof, as directed in the will, on the day named exceeded, and has ever since exceeded, $20,000. *Held*, that, after the day named in the will, the two accumulations therein provided for were to cease, and the words " the yearly income from the above-named fund " which was to be divided between the testator's son and daughter meant the whole income of the whole fund.

BILL IN EQUITY, filed February 13, 1884, by one of the trustees under the will of William Appleton, to obtain the instructions of the court as to the construction of the following clause of the will:

" All the residue of my estate, real and personal, whether acquired before or after the execution of this my will, and including herein any property which I have a right to dispose of by will or appointment by virtue of the provisions of the trust indenture, made by my late father William Appleton with myself and others, dated January 15th, 1862, I give and devise to the said J. Appleton Burnham, Senior, of Boston, F. G. Dexter, of Beverly, before mentioned, and William Appleton, Junior, my son, to hold the same in strict trust, to collect the rents and incomes of said trust property, and, after deducting all necessary expenses and charges, to set aside one sixth part of the annual income to be added to the original trust fund. Then to pay over the remaining net income to my wife, Emily Warren Appleton, in quarterly payments during her natural life or until her marriage, unless said net yearly income exceed the sum of twenty thousand dollars; and if said yearly income exceed the sum of twenty thousand dollars, I desire my trustees of said fund, from the time of my decease until the eleventh day of May, eighteen hundred and eighty-two, to place the amount over and above said twenty thousand dollars in good and safe investments, to become a part of the original trust fund. After the above-named date, namely, the eleventh day of May, eighteen hundred and eighty-two, I desire the yearly income from the above-named fund, over and above the said twenty thousand dollars which my wife will receive yearly, be divided equally between my daughter Emily Appleton Beebe, and my son William Appleton, Jr., to be given them in quarterly payments, they giving their own personal receipt for the same."

The bill alleged, that the testator died on February 10, 1877, and the will was admitted to probate on March 5, 1877; that the persons therein named as trustees accepted the trust; that, before the bill was filed, Burnham died, and no successor to him had been appointed; that William Appleton, Jr., the other surviving trustee with the plaintiff, was made a party defendant to the bill; that by the provisions of the indenture of

January 15, 1862, mentioned in the will, a very large sum, namely, one fourth part of the whole trust fund, became payable, after the death of the testator, on May 10, 1882, to such person or persons, and upon such terms and conditions, as he might by his will appoint; that, at the date of his will, the annual income of one fourth part of said trust fund exceeded the sum of $20,000, which income would have been payable to the testator had he survived May 10, 1882; that said fourth part was duly paid to said trustees on May 11, 1882; and that the annual income of said trust fund, after deducting all necessary expenses and charges, and setting aside one sixth part of the annual income to be added to the original trust fund, at the death of the testator, and before May 10, 1882, exceeded, and has ever since exceeded, the sum of $20,000.

Hearing before *C. Allen*, J., who reserved the case for the consideration of the full court; such decree to be entered as justice and equity might require.

*S. Bartlett*, for the son and daughter of the testator.

*F. W. Palfrey*, for the other defendants.

HOLMES, J. One sixth of the annual income is to be set aside and added to the original trust fund in any event. Then the remaining net income is to be paid over to the widow, unless it exceeds $20,000, in which case the excess is also to be set aside and added in like manner until May 11, 1882. The word "unless" only qualifies the disposition of the remaining net income to which it is attached. After May 11, 1882, "the yearly income from the above-named fund" is disposed of, whereas, before that date, only "the remaining net income," after the deduction of one sixth for accumulation, is given. From that date, therefore, both the above-mentioned accumulations cease, and the whole income of the whole fund, as it then stands, is to go as directed. This is the plain meaning of the words, and the construction is fortified by the fact that, at that date, the testator expected so large an addition to his fortune as to make further accumulation unnecessary.

*Decree accordingly.*